IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. WR-79,799-02




EX PARTE TONY ORLANDO MYLES, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1223475-B IN THE 178TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to twenty two years’ imprisonment. The First Court of Appeals
affirmed his conviction. Myles v. State, 01-11-00188-CR (Tex. App.– Houston [1st Dist.] June 21,
2012). 
            Applicant contends that his trial counsel rendered ineffective assistance because counsel (1)
failed to object to the defective indictment on hearsay grounds, (2) failed to file a motion challenging
the indictment, (3) failed to file a motion for a pre-trial hearing challenging the indictment and
probable cause affidavit, and (4) failed to introduce Applicant’s investigator’s report into evidence. 
            Applicant also contends that appellate counsel rendered ineffective assistance due to a
conflict of interest and because counsel failed to meet or communicate with Applicant regarding his
case. Applicant also alleges that appellate counsel failed to investigate the case, failed to argue that
probable cause did not exist, failed to argue sufficiency of the evidence, failed to argue that
Applicant never went before a magistrate and was not notified of the charges, failed to argue that the
trial court erred in allowing the state to redact the probable cause affidavit, failed to argue that
Applicant’s out of court statement should have been excluded, and failed to argue that the trial court
erred in allowing testimony to be read back to the jury. 
            Applicant has alleged facts that, if true, might entitle him to relief. Smith v. Robbins, 528
U.S. 259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668 (1984). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The trial court
shall also order appellate counsel to respond to Applicant’s claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions
of law as to whether the performance of Applicant’s appellate counsel was deficient and, if so,
whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: April 16, 2014
Do not publish